## Hubert WILLIS v. STATE.
### No. 15480.

Court of Criminal Appeals of Texas.
June 22, 1932.

M. E. Gates, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense, transporting intoxicating liquor; the punishment, one year in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Frank H. BOOTH, Appellant, v. V. W. MILLS, Appellee.
### No. 8858.

Court of Civil Appeals of Texas. San Antonio.
June 1, 1932.

Rehearing Denied June 29, 1932.

Robert G. Harris, of San Antonio, for appellant.

F. C. Davis, of San Antonio, for appellee.

PER CURIAM.

Appellee has filed a timely and sufficient motion to strike appellant's brief, which must be sustained. This court is therefore relegated to a search of the record for fundamental error, and, none being found, the judgment will be affirmed.

## COLONIAL BUILDING & LOAN ASSOCIATION v. PYRAMID ASBESTOS & ROOFING CO.
### No. 9731.

Court of Civil Appeals of Texas. Galveston.
May 13, 1932.

Rehearing Denied June 2, 1932.

Bryan & Bryan, of Houston, for appellant.

Allen, Helm, Jacobs & Settegast, of Houston, for appellee.

GRAVES, J.

Under the disposition made of this appeal upon original hearing, no opinion was required of this court; in deference, however, to the subsequent motion of the able counsel for appellant, who have so painstakingly briefed and argued the cause here, this statement of the grounds of the affirmance of the judgment is made:

As this court conceived the rationale of appellant's attack upon the trial court's judgment, it was in final analysis predicated upon the position that it was protected from liability for payment for the roof involved by the terms of our statute of frauds, whereas this court agreed with the finding of the trial court that, under the facts and circumstances presented, appellant's obligation to pay the debt amounted to an original undertaking of its own; hence was not within the statute of frauds. It undisputedly appears that the appellee would not accept the contractor's order for the roof until the appellant had agreed to pay for it; wherefore it looked solely to the appellant and not to the contractor.

In view of the facts, this conclusion determines the merits of the appeal adversely to appellant, and it neither was nor is now deemed necessary for this court to make findings of fact and law upon the various assignments presented.

Appellant's motion to file conclusions of law and fact has accordingly been overruled.

Overruled.